130-08/MEU
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
POSEIDON SPECIAL MARITIME ENTERPRISE (E.N.E.)
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Michael E. Unger (MU 0045)

**JUDGE McMAHON**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
POSEIDON SPECIAL MARITIME ENTERPRISE (E.N.E.),

**08 CV 2051**

Plaintiff,

-against-

**VERIFIED COMPLAINT**

JOINT STOCK COMPANY BELARUSSIAN
SHIPPING CO. a/k/a BELARUSSIAN SHIPPING CO
a/k/a BELARUSIAN SHIPPING COMPANY a/k/a
BELORUSSIAN SHIPPING COMPANY, TRACER
ALLIANCE LTD., RIMEX LIMITED, DEKKER LIMITED,
C/GT GROUP LIMITED, MALTO LTD., and
FORSBERG AND CO. LLP,



Defendants.
---------------------------------------------------------------x

Plaintiff, POSEIDON SPECIAL MARITIME ENTERPRISE (E.N.E.) (hereinafter "POSEIDON"), for its Verified Complaint against Defendants, JOINT STOCK COMPANY BELARUSSIAN SHIPPING CO. a/k/a BELARUSSIAN SHIPPING CO. a/k/a BELARUSIAN SHIPPING COMPANY a/k/a BELORUSSIAN SHIPPING COMPANY (hereinafter "BELARUSSIAN"), TRACER ALLIANCE LTD. (hereinafter "TRACER"), RIMEX LIMITED (hereinafter "RIMEX"), DEKKER LIMITED (hereinafter "DEKKER"), C/GT GROUP LIMITED (hereinafter "C/GT GROUP"), MALTO LTD. (hereinafter "MALTO"), and FORSBERG AND CO. LLP (hereinafter "FORSBERG"), alleges upon information and belief as follows:

NYDOCS1/299803.1

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract of charter party. This case also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333 and the Court's federal question jurisdiction pursuant to 28 U.S.C. §1331 in that the action arises under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §201 *et seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1 *et seq.*

2. At all times material hereto, Plaintiff POSEIDON was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address c/o Common Progress S.A. at 85 Akti Miaouli, GR-18538 Piraeus, Greece.

3. At all times relevant hereto, Defendant BELARUSSIAN was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address in Minsk, Belarus.

4. At all times relevant hereto, Defendant TRACER was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at Marine Towers, Suite 302, Newton Barracks, Belize City, Belize.

5. At all times relevant hereto, Defendant RIMEX was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address c/o C/GT Group Limited at Level 5, 369 Queen Street, Auckland, New Zealand.

6. At all times relevant hereto, Defendant DEKKER was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address c/o C/GT Group Limited at Level 5, 369 Queen Street, Auckland, New Zealand.

7. At all times relevant hereto, Defendant C/GT GROUP was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at Level 5, 369 Queen Street, Auckland, New Zealand.

8. At all times relevant hereto, Defendant MALTO was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at Simonidou and Prottagora P.C. 1512, Nicosia, Cyprus.

9. At all times relevant hereto, Defendant FORSBERG was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at 39 Wetherby Mansions, Earls Court Square, London, United Kingdom.

10. On or about June 6, 2007, Plaintiff POSEIDON, as owner of the M/V TAXIARHIS P., entered into a maritime contract of charter party with Defendant BELARUSSIAN, as charterer.

11. Plaintiff POSEIDON duly tendered the vessel into the service of BELARUSSIAN and fully performed its obligations as required under the charter.

12. At the conclusion of the charter period, Plaintiff POSEIDON submitted a final hire statement to BELARUSSIAN showing a balance due in Plaintiff's favor in the amount of $26,657.93.

13. In breach of the terms of the charter party, and despite due demand BELARUSSIAN has refused and/or otherwise failed to pay the amounts due and outstanding under the charter party, and the entire amount of $26,657.93 remains due and owing.

14. Defendants TRACER, RIMEX, DEKKER, C/GT GROUP, MALTO, and FORSBERG make payments on BELARUSSIAN's behalf when TRACER, RIMEX, DEKKER,

C/GT GROUP, MALTO, and FORSBERG have no contractual obligation of their own to BELARUSSIAN's creditors.

15. Defendants TRACER, RIMEX, DEKKER, C/GT GROUP, MALTO, and FORSBERG are paying agents, funding agents and/or receiving agents of BELARUSSIAN such that TRACER, RIMEX, DEKKER, C/GT GROUP, MALTO, and FORSBERG are now, or will soon be, holding assets belonging to BELARUSSIAN and vice versa.

16. In the alternative, Defendants are affiliated companies such that TRACER, RIMEX, DEKKER, C/GT GROUP, MALTO, and FORSBERG are now, or will soon be, holding asserts belonging to BELARUSSIAN.

17. In the further alternative, TRACER, RIMEX, DEKKER, C/GT GROUP, MALTO, and FORSBERG are aliases of BELARUSSIAN.

18. In the further alternative, BELARUSSIAN performs transportation services for TRACER, RIMEX, DEKKER, C/GT GROUP, MALTO, and FORSBERG in exchange for no consideration, and acts as an agent of TRACER, RIMEX, DEKKER, C/GT GROUP, MALTO, and FORSBERG who are undisclosed principles in that regard.

19. The charter party provides for the application of English law and disputes between the parties may be resolved by arbitration in London, and $26,657.93 specifically reserves its right to arbitrate the substantive matters at issue. Arbitration has been or will soon be commenced.

20. This action is brought to obtain jurisdiction over Defendants and to obtain security in favor of Plaintiff POSEIDON in respect to its claim against Defendants and in aid of the London proceedings.

21. Under English law, including but not limited to Section 63 of the English Arbitration Act of 1996, costs including attorney fees, arbitrators' fees, disbursements and interest are recoverable as part of Plaintiff's claim.

22. This action is further brought to obtain security for any additional sums to cover Plaintiff's anticipated attorney and arbitrators' fees and costs in the London arbitration and interest, all of which are recoverable as part of Plaintiff's claim under English law.

23. As nearly as can be best presently estimated, the legal expenses and costs of prosecuting the claim in London arbitration and interest on the damages claim are estimated to total $10,000.

**Request for Rule B Relief**

24. Upon information and belief, and after investigation, Defendants cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff believes that Defendants have, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendants JOINT STOCK COMPANY BELARUSSIAN SHIPPING CO. a/k/a BELARUSSIAN SHIPPING CO. a/k/a BELARUSIAN SHIPPING COMPANY a/k/a BELORUSSIAN SHIPPING COMPANY, TRACER ALLIANCE LTD., RIMEX LIMITED; DEKKER LIMITED, C/GT GROUP LIMITED; MALTO LTD., and FORSBERG AND CO. LLP (collectively hereinafter, "ASSETS"), including but not limited to ASSETS in their individual name and/or being transferred for their individual benefit at, moving through, or being transferred and/or wired to or

from banking institutions or such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein.

  25. The total amount sought to be attached pursuant to the above is $36,657.93.

WHEREFORE, Plaintiff POSEIDON SPECIAL MARITIME ENTERPRISE (E.N.E.) prays:

  a. That process in due form of law according to the practice of this Court may issue against Defendants citing them to appear and answer the foregoing;

  b. That if Defendants cannot be found within this District pursuant to Supplemental Rule B that all tangible or intangible property of Defendants up to and including **$36,657.93** be restrained and attached, including, but not limited to any cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or being transferred from or for the benefit of Defendants JOINT STOCK COMPANY BELARUSSIAN SHIPPING CO. a/k/a BELARUSSIAN SHIPPING CO. a/k/a BELARUSIAN SHIPPING COMPANY a/k/a BELORUSSIAN SHIPPING COMPANY, TRACER ALLIANCE LTD., RIMEX LIMITED; DEKKER LIMITED, C/GT GROUP LIMITED; MALTO LTD., and FORSBERG AND CO. LLP, including but not limited to ASSETS in their individual names and/or being transferred for their individual benefit at, through, or within the possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein;

  c. That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary, including but not limited to the recognition and

enforcement of any award entered against the Defendants in the London proceedings; and

d. For such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
February 29, 2008

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
POSEIDON SPECIAL MARITIME ENTERPRISE (E.N.E.)

By: _____
Michael E. Unger (MU 0045)
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 (fax0

## ATTORNEY VERIFICATION

State of New York   )
                    ) ss.:
County of New York  )

MICHAEL E. UNGER, being duly sworn, deposes and says as follows:

1. I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications, information and documentation provided by our client and/or by solicitors representing our client, and further independent research conducted by this office.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
MICHAEL E. UNGER

Sworn to before me this
29th day of February 2008

_____
Notary Public

CLARE HENRY
Notary Public, State of New York
No. 01HE4831498
Qualified in Kings County
Certificate in New York County
Commission Expires October 31, 2009

NYDOCS1/299803.1                                8